UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:17-CV-425-ORL-18GJK

KIMBERLEY SCHWARTZ AND
ELAYNA SCHWARTZ,

Plaintiffs,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

Defendant.
_______________________________________/

Remanded to 18th Circuit
20 April 17

G. KENDALL SHARP
U.S. DISTRICT JUDGE

**PLAINTIFFS' MOTION FOR REMAND**

COME NOW the Plaintiffs, KIMBERLEY SCHWARTZ AND ELAYNA SCHWARTZ, by and through their undersigned counsel, pursuant to 28 U.S.C. §1447, and file this Motion for Remand and supporting Memorandum of Law, and for grounds would show the Court the following:

1. The subject action was instituted by Summons and Complaint filed in the Circuit Court of Seminole County, Florida.

2. Plaintiffs' Complaint filed on March 9, 2017, alleges that on or about June 24, 2015, the Plaintiff, KIMBERLEY SCHWARTZ, was operating a motor vehicle travelling on SR 436, with Plaintiff, ELAYNA SCHWARTZ, as her passenger, and was stopped at the traffic light located at SR 436 & Wymore Road in Altamonte Springs, Florida and Shannon Frye, an underinsured motorist, negligently operated and/or maintained the motor vehicle she was operating when she failed to stop, and rear-ended the motor vehicle that Plaintiff, KIMBERLEY SCHWARTZ, was operating with Plaintiff, ELAYNA SCHWARTZ, as her passenger.

3. Plaintiffs' Complaint alleges that Plaintiffs are residents of Seminole County, Florida and that Defendant is a foreign profit corporation, authorized to do business and doing business in the state of Florida.

4. Defendant asserts that an action is removable if there is complete diversity of citizenship between the parties.

5. Defendant contends that the Plaintiffs seek damages in excess of $75,000.00.

6. The only allegation in Plaintiffs' Complaint as to any amount in controversy is set forth in Paragraph 1 thereof, which alleges simply that Plaintiffs' damages exceed the sum of fifteen thousand dollars ($15,000.00), the minimum requisite amount for jurisdiction in State Circuit Court. (*See*, Plaintiffs' Complaint Paragraph 1, attached hereto as Exhibit A). In light of Defendant's denial of the claim prior to the Complaint being filed, Defendant obviously does not believe the amount in controversy is in excess of $75,000.00.

7. The total medical bills received to date are only $20,610.85 for Kimberley Schwartz and $17,850.47 for Elayna Schwartz. Defendant referenced in their Motion that Plaintiffs had incurred medical bills of $42,940.92 (Kimberley) and $19,124.97 (Elayna) and referred the Court to Plaintiffs' demand letter. Such demand letters attached, as Defendant's Exhibits B & C make no reference to the amount of Plaintiffs' medical bills.

8. In addition, Plaintiffs are not making a claim for lost wages or loss of earning capacity.

9. Defendant argues that the UM policy limits are $100K per person and $300K per accident. Policy limits have never been considered by a Court of competent jurisdiction to be a factor to consider for removal of a case into Federal Court, and Defendant has offered no case law to support its argument.

10. Furthermore, Defendant is entitled to a setoff of $20K for each Plaintiff, as a result of PIP paid $10K and a bodily injury settlement of $10K.

11. The Defendant has completely failed to satisfy that the requisite amount in controversy is greater than $75,000.00. Given that it is Defendant's burden to establish the requisite amount in controversy pursuant to Rule 28 U.S.C. 1332, the subject action should be remanded to State Circuit Court, in and for Seminole County, Florida.

**MEMORANDUM OF LAW**

It is well established that removal statutes are to be strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Burns v Windsor Ins., Co., 31 F.3d 1092, 1094 (11th Cir. 1994)("[R] removal statutes are construed narrowly; [when the parties dispute jurisdiction], uncertainties are resolved in favor of remand."). *See also*, American Fire & Cas. Co. Finn, 341 U.S. 6 (1951). The principle of strict construction of 28 U.S.C. §1441 is particularly applicable in cases involving diversity of citizenship. Gober v Allstate Ins. Co., 855 F.Supp. 158 (S.D. Miss. 1995); Robinson v Quality Ins. Co., 633 F. Supp 572 (S. D. Ala. 1986).

The requirement that the minimum amount in controversy for diversity of citizenship jurisdiction be met is narrowly construed so as not to frustrate the congressional purpose of keeping the diversity caseload of federal courts under some modicum of control. Pierson v Source Perrier, S.A., 848 F. Supp. 1186 (E.D. Penn. 1994), *citing*, Packard v Provident National Bank, 944 F.2d 1039 (3rd Cir. 1993). All doubts concerning jurisdiction should be resolved in favor of remand. Pierson, *supra, citing*, Abels v State Farm Fire & Cas. Co., 770 F. 2d 26 (3rd Cir. 1985).

A removing party has the burden of proving that federal jurisdiction exists by preponderance of the evidence and the removing party must present facts establishing its right to

remove. If the removing party fails to meet this burden, the case must be remanded. Williams v Best Buy Company, Inc., 269 F. 3d 1316 (11th Cir. 2001). *See also*, Libhart v Santa Monica Dairy Co., 592 F. 2d 1062 (9th Cir. 1979).

Where, as in the case at bar, a Plaintiff makes an unspecified demand for damages in a state court complaint, the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. Tapscott v. M.S. Dealer Service Corp., 77 F. 3d 1353 (11th Cir. 1996), overruled on other grounds, by Cohen v Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). *See also*, Singer v State Farm Mut. Auto. Ins. Co., 116 F. 3d 373 (9th Cir. 1997); Golden v Dodge-Markham Co., Inc., 1 F. Supp 2d 1360 (M.D. Fla. 1998); Gober, *supra*.

In Williams v Best Buy Co., Inc., *supra*, it was not facially apparent from plaintiff's complaint in the underlying state court action that the amount in controversy exceeded the requisite minimum jurisdictional amount of $75,000.00. There, plaintiff's complaint demanded general, special and punitive damages for permanent physical and mental injuries, as well as substantial medical expenses, lost wages and diminished earning capacity for an indefinite period of time. In that case, the removing defendant's conclusory allegations that the jurisdictional amount was satisfied, without setting forth underlying facts to support that assertion, was deemed insufficient to meet defendant's burden of establishing federal court jurisdiction.

In the subject action, Plaintiffs' Complaint alleges only that the amount in controversy exceeds the sum or value of fifteen thousand dollars ($15,000.00), the minimum requisite jurisdictional amount for state circuit court in Florida. Plaintiffs' Complaint alleges only general, standard categories of damage claims in tort actions, and contains no specified amount of said damages. Defendant is simply attempting to remove a simple personal injury case to




federal court where even Defendant, in light of their denial of the claim, obviously do not believe the amount in controversy is in excess of $75,000.00.

In Stemmons v Toyota Tsusho America, Inc., 802 F. Supp. 195 (N.D. Ill. 1992), plaintiff's complaint sought judgment for a sum in excess of $30,000.00, and contained no allegations as to loss of sight or other serious injury (the minimum amount in controversy for diversity of citizenship jurisdiction at that time was $50,000.00). Defendant there filed a Notice of Removal, claiming that the minimum amount in controversy requirement was met based on an informal telephone conversation with plaintiff's counsel, during which plaintiff's counsel indicated that the plaintiff may have lost sight in his eye. Interestingly, plaintiff there did not contest removal and actually wanted the federal court to assume jurisdiction. The federal court, sua sponte, remanded the action, and noted that "... an allegation in a notice of removal based on an assertion from opposing counsel during a phone conference will not suffice to confer jurisdiction for removal purposes. Stemmons, 802 F. Supp at 199, *citing,* Navarro v Subaru of Am. Operations Corp., 802 F. Supp. 191 (N.D. Ill. 1992).

Plaintiffs submit that a review of the Complaint, Defendant's Notice of Removal and a review of the well-established principle that removal statute are to be strictly construed against removal, with all uncertainties to be resolved in favor of remand, compel remand of the subject action. Again, it is the removing Defendant's burden to establish that the requisite minimum amount in controversy is met for diversity of citizenship removal jurisdiction. Given the general nature of Plaintiffs' damage allegations, the absence of any specified amount of damages in Plaintiffs' ad damnum clauses, it is clear that the removing Defendant in the subject action has not met his burden of proving, by a preponderance of the evidence, that the requisite minimum amount for diversity of citizenship jurisdiction has been met in the subject action. Indeed, it has

been held that where the basis for federal jurisdiction is not apparent from the face of a complaint, a petition (now Notice), for removal cannot supply those bases. Carroll Construction Co. v. Reneau, 279 F. Supp. 715 (N.D. Fla. 1968). Accordingly, the subject action should be remanded to the state court.

Furthermore, in Defendant's Notice of Removal, Defendant states "The Complaint alleges that uninsured/underinsured motorist coverage in the amount of $100,000 per person/$300,000 per accident is available to the Plaintiffs under the State Farm policy issued to Plaintiff, Kimberley Schwartz." Defendant has failed to cite any case law holding that the policy limits for the claim have any relevancy whatsoever in determining the amount in controversy. Just because Defendant's policy limits exceed the jurisdictional amount does not mean the amount at issue is in excess of $75,000.00. To argue such is proponderous.

## II. LEGAL STANDARD FOR DETERMINING THE AMOUNT IN CONTROVERSY

It is axiomatic that federal courts must remand when subject matter jurisdiction is lacking, regardless of the merits of the action. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999). Therefore, "[b]ecause jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," resolving all doubts in favor of remand to state court. *Id.*

According to the Eleventh Circuit, "[w]here...the plaintiff has not pled a specific amount of damages, the moving defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams vs. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2011) (citations omitted). Further, when a removal action is brought pursuant to the first paragraph of 28 U.S.C. §1446(b), "{d}efendants may introduce their own

affidavits, declarations or other documentation" to prove jurisdiction so long as the "removal is procedurally proper." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (citations omitted); *see also* 16 James Wm. Moore et. al., Moore's Federal Practice § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010) (noting the "strong presumption against removal" and detailing that when the amount in controversy is not apparent from the face of the complaint, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied").

When the amount in controversy is no apparent on the face of the complaint, a court will permit the use of "deduction, interference or other extrapolation of the amount in controversy;" however, these deductions and extrapolations are not without bounds. *See Pretka*, 608 F.3d at 753. Ultimately, when the plaintiffs challenge the defendants' specific factual allegations of jurisdiction, the defendants must support these allegations with "evidence combined with reasonable deductions, reasonable inferences or other reasonable extrapolations." *Id.* at 754. In the absence of reason, a court is left to conjure subject matter jurisdiction from thin air.

Defendant argues that the amount in controversy is satisfied because "[u]pon information and belief, Plaintiff made a demand for damages in excess of $75,000.00 (pre-suit demand to the defendant" in the amount of $100,000.00).

A demand letter may constitute other documentation for purposes of proving the amount in controversy. See Pretka, 608 F.3d at 755 ("Defendants may introduce their own affidavits, declarations or other documentation" to prove jurisdiction so long as the "removal" is procedurally proper.").

However, the Court should give little weight to Plaintiff's pre-suit demand letter. When evaluating the pre-suit demand letters as proof of the amount in controversy, the court should ask whether the letters "merely 'reflect puffery and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim'," *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *1, *2 (M.D. Fla. Nov. 5, 2010) (citations omitted).

In the present case, Defendant provides insufficient evidence to show that Plaintiffs' alleged pre-suit demand letter of $100,000.00 is a reasonable assessment of their claim. Kimberley's prior injuries include a 1991 left ankle fracture and disc bulge in the low back. Kimberley's injuries for this accident include mid-lower back pain, neck pain, pain in the right and left shoulders, left arm, left hand, left pinky finger and right hip. Elayna's prior injuries include injuries from a motor vehicle accident in April 2014. Elayna's injuries for this accident include neck and back pain. This is not specific enough information to support a claim for damages exceeding $75,000.00 and thus is not a reasonable assessment of the value of Plaintiffs' claim.

The medical bills received to date are only $20,610.85 (Kimberley) and $17,850.47 (Elayna). Defendant is incorrect and has failed to produce any documentation to substantiate its claim that Plaintiffs have incurred medical bills in the amount of $42,940.12 for Kimberley and $19,124.97 for Elayna. In addition, in order for Plaintiffs to be awarded any sum for pain and suffering, Plaintiffs must prove they have a permanent injury. Otherwise, Plaintiffs are limited to recovery of only their out-of-pocket medical bills. Defendant has failed to present any evidence of the value of Plaintiffs' pain and suffering as a result of their injuries.

Therefore, Defendant has failed to present any evidence suggesting that the Plaintiff's demand of $100,000.00 is anything more than mere puffery and posturing; and thus, it is insufficient to show by a preponderance of the evidence that the amount in controversy is satisfied. *See Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1988) (court not persuaded that pre-suit settlement demand letter was an honest assessment of damages); *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (pre-suit demand letter "is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking"); *Beadsworth v. Bd. of Comm'rs*, 1995 WL 617585, *2 (E.D. La. Oct. 18, 1995) (attaching "very little weight" to letters written as part of preliminary settlement discussions); *Sfirakis v. Allstate Ins. Co.*, 1991 WL 147482, *3 (E.D. Pa. Jul. 24, 1991) (Such letters "nothing more than posturing by counsel seeking to stake out a position for settlement purposes."). Further, Defendant's argument that the pre-suit demand letter seeking 100,000.00 shows the amount in controversy is met does not constitute "evidence combined with reasonable deductions, reasonable inferences or other reasonable extrapolations." *See Pretka*, 608 F.3d at 754.

Filing # 52054410 E-Filed 02/03/2017 03:40:20 PM

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT, IN AND
FOR SEMINOLE COUNTY, FLORIDA

CASE NO.

KIMBERLEY SCHWARTZ AND
ELAYNA SCHWARTZ,

Plaintiffs,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

Defendant.
_______________________________/

**COMPLAINT**

COME NOW the Plaintiffs, KIMBERLEY SCHWARTZ and ELAYNA SCHWARTZ, by and through their undersigned counsel, and sue Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and allege:

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. At all times material hereto, Plaintiff, KIMBERLEY SCHWARTZ, is a resident of Seminole County, Florida.

3. At all times material hereto, Plaintiff, ELAYNA SCHWARTZ, is resident of Seminole County, Florida.

4. At all times material hereto, Defendant is a foreign profit corporation authorized to do business and doing business in the state of Florida, and is the UM carrier for the Plaintiffs.

**EXHIBIT A**

Case 6:17-cv-00425-GKS-GJK Document 10-1 Filed 04/04/17 Page 2 of 7 PageID 78
Case 6:17-cv-00425-GK GJK Document 2 Filed 03/08/17 age 2 of 5 PageID 38

5. On or about June 24, 2015, the Plaintiff, KIMBERLEY SCHWARTZ, was operating a motor vehicle travelling on SR 436, with Plaintiff, ELAYNA SCHWARTZ, as her passenger, and was stopped at the traffic light located at SR 436 & Wymore Road in Altamonte Springs, Florida.

6. On or about June 24, 2015, Shannon Frye, an underinsured motorist, was travelling on SR 436, and negligently operated and/or maintained the motor vehicle she was operating when she failed to stop, and rear-ended the motor vehicle that Plaintiff, KIMBERLEY SCHWARTZ, was operating with Plaintiff, ELAYNA SCHWARTZ, as her passenger.

7. All incidents giving rise to this action occurred in Altamonte Springs, Seminole County, Florida.

**COUNT I – PLAINTIFF, KIMBERLEY SCHWARTZ' CLAIM OF NEGLIGENCE AS TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

8. Plaintiff, KIMBERLEY SCHWARTZ, realleges and incorporates by reference paragraphs one through seven, and further states:

9. Defendant issued and delivered a policy of insurance to the Plaintiff which was in full force and effect on the date of the accident, with policy number C54 4449C2459A.

10. Under the terms of the insurance policy, Defendant provided uninsured/underinsured motorist coverage in the amount of $100,000/$300,000.

11. Defendant has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

12. Plaintiff has furnished Defendant timely notice of the automobile accident and proof of the claim for damages described above and has otherwise performed all conditions precedent to

entitle recovery under the uninsured/underinsured portion of the policy but Defendant has denied that coverage exists and/or refused to pay Plaintiff for the full value of the claim.

13. As a direct and proximate result of Defendant's negligence, the Plaintiff, KIMBERLEY SCHWARTZ, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff's motor vehicle was also damaged.

WHEREFORE, Plaintiff, KIMBERLEY SCHWARTZ, demands judgment for damages against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

**COUNT II – PLAINTIFF, ELAYNA SCHWARTZ' CLAIM OF NEGLIGENCE AS TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

14. Plaintiff, ELAYNA SCHWARTZ, realleges and incorporates by reference paragraphs one through seven, and further states:

15. Defendant issued and delivered a policy of insurance to the Plaintiff which was in full force and effect on the date of the accident, with policy number C54 4449C2459A.

16. Under the terms of the insurance policy, Defendant provided uninsured/underinsured motorist coverage in the amount of $100,000/$300,000.

17. Defendant has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

18. Plaintiff has furnished Defendant timely notice of the automobile accident and proof of the claim for damages described above and has otherwise performed all conditions precedent to entitle recovery under the uninsured/underinsured portion of the policy but Defendant has denied that coverage exists and/or refused to pay Plaintiff for the full value of the claim.

19. As a direct and proximate result of Defendant's negligence, the Plaintiff, ELAYAN SCHWARTZ, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ELAYNA SCHWARTZ, demands judgment for damages against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

Dated this 3rd day of February, 2017

/s/ W. Clay Mitchell, Jr.
W. Clay Mitchell, Esquire
FBN: 0077488
Morgan & Morgan, P.A.
20 N. Orange Avenue, 9th Floor
Orlando, FL 32801
407-420-1414, fax 407-245-3416
Attorneys for Plaintiffs
CMitchell@forthepeople.com
LBland@forthepeople.com
DRamsey@forthepeople.com

# MORGAN & MORGAN®

*Attorneys At Law*

20 N. ORANGE AVENUE, 16th FLOOR
POST OFFICE BOX 4979
ORLANDO, FL 32802-4979
(407) 420-1414

October 13, 2015

CERTIFIED MAIL- RETURN RECEIPT REQUESTED

Cre Banks
State Farm
PO Box 106139
Atlanta, GA 30348-6139

| Re: | Our Client: | Kimberley Schwartz |
|---|---|---|
| | Claim No: | 59680C153 |
| | D/Accident: | June 24, 2015 |

Dear Ms. Banks:

As you are aware, we represent Kimberley Schwartz for injuries sustained in the above referenced accident. The tortfeasor was underinsured for the purpose of bodily injury liability coverage. Enclosed you will find a copy of the declaration page from Liberty Mutual Insurance Company confirming the bodily injury liability limits of $10,000.00.

Enclosed herewith please find a copy of our demand portfolio recently submitted to Liberty Mutual Insurance Company. As you will see, we have demanded that they tender their policy limits of $10,000.00.

This will serve as formal notice to you of our intent to pursue an underinsured motorist claim under our client's policy. Our demand is for your full policy limits of $100,000.00. Please take the next thirty (30) days to review the enclosed materials and be in a position to grant written permission to accept the tortfeasor limits at the end of that thirty (30) day period. I will have the Case Manager, Tammy Lynch, contact you once the tortfeasor has tendered their policy limits.

Should you require any additional information, please contact Tammy Lynch directly at (407) 420-6683 or tammylynch@forthepeople.com.

Respectfully,

W. Clay Mitchell, Jr.

WCM/tll/tll

EXHIBIT
B

www.forthepeople.com

ATLANTA, GA ♦ BOWLING GREEN, KY ♦ COLUMBUS, GA ♦ DAYTONA BEACH, FL ♦ FT. MYERS, FL ♦ JACKSON, MS ♦ JACKSONVILLE, FL ♦ KISSIMMEE, FL ♦ LAKELAND, FL
LEXINGTON, KY ♦ LOUISVILLE, KY ♦ MANHATTAN, NY ♦ MELBOURNE, FL ♦ MEMPHIS, TN ♦ NAPLES, FL ♦ NASHVILLE, TN ♦ ORLANDO, FL ♦ PLANTATION, FL
PRESTONSBURG, KY ♦ ST. PETERSBURG, FL ♦ SARASOTA, FL ♦ SAVANNAH, GA ♦ TALLAHASSEE, FL ♦ TAMPA, FL ♦ TAVARES, FL ♦ THE VILLAGES, FL ♦ WINTER HAVEN, FL

MORGAN & MORGAN
Attorneys At Law
20 N. ORANGE AVENUE, 16th FLOOR
POST OFFICE BOX 4979
ORLANDO, FL 32802-4979
(407) 420-1414

December 3, 2015

CERTIFIED MAIL- RETURN RECEIPT REQUESTED

Ms. Cre Banks
State Farm Insurance Company
P.O. Box 106134
Atlanta, GA 30348

| Re: | Our Client: | Elayna R. Schwartz |
|---|---|---|
| | Your Insured: | Kimberley Schwartz |
| | Claim No: | 59680C153 |
| | D/Accident: | June 24, 2015 |

Dear Ms. Banks:

As you are aware, we represent Elayna R. Schwartz for injuries sustained in the above referenced accident. The tortfeasor was underinsured for the purpose of bodily injury liability coverage. Enclosed you will find a copy of the declaration page from Liberty Mutual confirming the bodily injury liability limits of $10,000.00.

Enclosed herewith please find a copy of our demand portfolio recently submitted to Liberty Mutual. As you will see, we have demanded that they tender their policy limits of $10,000.00.

This will serve as formal notice to you of our intent to pursue an underinsured motorist claim under our client's policy. Our demand is for your full policy limits of $100,000.00. Please take the next thirty (30) days to review the enclosed materials and be in a position to grant written permission to accept the tortfeasor limits at the end of that thirty (30) day period. I will have the Case Manager, Tammy Lynch, contact you once the tortfeasor has tendered their policy limits.

Should you require any additional information, please contact Tammy Lynch directly at (407) 420-6683 or tammylynch@forthepeople.com.

Respectfully,

W. Clay Mitchell, Jr.

WCM/tl/tl

EXHIBIT C

www.forthepeople.com
ATLANTA, GA ◆ BOWLING GREEN, KY ◆ COLUMBUS, GA ◆ DAYTONA BEACH, FL ◆ FT. MYERS, FL ◆ JACKSON, MS ◆ JACKSONVILLE, FL ◆ KISSIMMEE, FL ◆ LAKELAND, FL
LEXINGTON, KY ◆ LOUISVILLE, KY ◆ MANHATTAN, NY ◆ MELBOURNE, FL ◆ MEMPHIS, TN ◆ NAPLES, FL ◆ NASHVILLE, TN ◆ ORLANDO, FL ◆ PLANTATION, FL
PRESTONSBURG, KY ◆ ST. PETERSBURG, FL ◆ SARASOTA, FL ◆ SAVANNAH, GA ◆ TALLAHASSEE, FL ◆ TAMPA, FL ◆ TAVARES, FL ◆ THE VILLAGES, FL ◆ WINTER HAVEN, FL